IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINE GILLINS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:21-cv-0123-CW<br>(Criminal Case No. 1:20-cr-115-CW)<br><br>Judge Clark Waddoups |

　　　　This matter is before the court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Plaintiff Christine Gillins. Ms. Gillins filed her motion while imprisoned, but she was released on February 13, 2023, and is now on supervised release. When a person is on supervised release, the person "remain[s] 'in custody' for that offense, thus rendering" the person eligible to pursue relief under § 2255.[1] *United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (citing *Oyler v. Allenbrand*, 23 F.3d 292, 293–94 (10th Cir. 1992)).

**I.　REQUEST FOR RELIEF**

　　　　Ms. Gillins moves for "any . . . relief to which [she] may be entitled." Mot for Relief, at 12 (ECF No. 1). Her request for relief is based on three grounds, which are summarized as follows:

> (1) her plea was involuntary because she felt coerced and [intimidated] to accept the plea based on counsel advising her that she had no defense; (2) prosecutorial misconduct based on allegedly withheld exculpatory evidence that was known to Petitioner at the time of her plea; and (3) ineffective assistance by counsel for

---

[1] The court also notes that Ms. Gillins is subject to a substantial restitution obligation.

> allegedly failing to investigate or contact witnesses to present information known to Petitioner, or to raise available defenses to include that others were involved in illegal conduct, or to present mitigating evidence.

United States' Mem. in Opp'n, at 2–3 (ECF No. 3).

The court has reviewed the briefing in this matter. It also has reviewed the record in the criminal case and applicable law. Based on that review, the court concludes the United States has stated the facts and law correctly, and hereby denies Ms. Gillins' motion for relief under § 2255 for the reasons stated in the United States' brief.

## II.     CERTIFICATE OF APPEALABILITY

Having denied Ms. Gillins' motion, the court must now determine whether a certificate of appealability should issue. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ms. Gillins has not met this requirement. The court therefore denies a certificate of appealability.

"When a court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Keele v. United States*, No. 2:23-cv-132-TC, 2023 WL 4548091, at *4 (D. Utah July 14, 2023) (citing Rule 11(a) of the Rules Governing Section 2255 Proceedings) (quotations and other citation omitted). The time period for doing so "is governed by Rule 4(a) of the Federal Rules of Appellate Procedure." *Id.* (citing Rule 11(b) of the Rules Governing Section 2255 Proceedings) (quotations and other citation omitted).

## **CONCLUSION**

For the reasons stated above, the court denies Ms. Gillins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1).  The court further denies a certificate of appealability, but it sets forth above that Ms. Gillins may seek a certificate from the Tenth Circuit Court of Appeals.

DATED this 25th day of September, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Court